UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| vs. | ) | **CRIMINAL ACTION** |
| | ) | **NO. 07-40016-FDS** |
| RICHARD A. KELLER, JR., | ) | |
| Defendant | ) | |

**ORDER ON THE DEFENDANT'S SECOND MOTION TO REVOKE OR AMEND
DETENTION ORDER**
August 4, 2008

**HILLMAN, M.J.**

**Background**

On July 6, 2007, a Criminal Complaint issued charging the Defendant, Richard A. Keller, Jr., with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). At the Defendant's initial appearance on July 9, 2007, he was advised of his right to a preliminary examination pursuant to Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing pursuant to 18 U.S.C.§§3142(f)(1)(A)(Defendant is charged with a crime of violence), (f)(1)(E)(Defendant is charged with a felony, not otherwise a crime of violence, that involves the possession or use of a firearm, destructive device or any other dangerous weapon) and (f)(2)(A)(risk of flight).

A probable cause/detention hearing was scheduled for July 12, 2007 and then with the assent of the parties, continued until July 17, 2007. On July 17, 2007, Keller waived his right to a probable cause hearing and assented to an Order of Detention, reserving his right to a detention hearing in the future.

On August 1, 2007, an Indictment was returned, charging the Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)(Count One); and Possession of oxycodone with Intent to Distribute and Distribution of oxycodone (Counts Two and Three).

In October 2007, Keller's counsel requested that a detention hearing be held. The hearing was held on October 26, 2007. Martin O'Malley, a police officer with the City of Worcester Police Department, testified for the Government. O'Malley is assigned to the Tactical Diversion Squad investigating the diversion of prescription drugs and other substances.

At the conclusion of Officer O'Malley's testimony, Keller's counsel requested a continuance so that Keller could be interviewed by PreTrial Services. The interview was conducted and the matter was continued until December 5, 2007, for closing arguments.

On December 10, 2007, I issued an Order For Detention (Docket No. 21)("Detention Order") in which I held that Keller should be detained pending trial because I found by clear and convincing evidence that he is a danger to the community and relying, on the statutory presumption, ordered him held as a risk of flight.

On December 13, 2007, Keller filed a Motion For Revocation or Amendment of Detention Order (Docket No. 25) and on December 26, 2007, he filed an Amended Motion For Revocation Or Amendment Of Detention Order And Request For Hearing (Docket No.

27)("First Motion To Revoke").   On January 9, 2008, Judge Saylor, the district court judge assigned to this case, after *de novo* review, denied Keller's amended motion to revoke the Detention Order after finding that the Government had demonstrated, by clear and convincing evidence, that he poses a danger to the community and, by a preponderance of the evidence, that he poses a serious risk of flight. *See* Docket No. 28.

On May 16, 2008, Keller filed his second Motion for Revocation Or Amendment Of Detention Order (Docket No. 41)("Second Motion To Revoke"), which is the subject matter of this Order.  The Government filed an opposition to that motion.  On June 23, 2008, the motion was referred to me for disposition and a hearing was held on the motion on August 1, 2008.

## **Nature of The Motion**

Defendant has characterized his motion as a request to revoke or amend detention order pursuant to 18 U.S.C. §3145(b).  Section 3145(b) provides that a person detained by a magistrate judge may file a motion with the district court judge seeking revocation or amendment of the order.  *Id.*  Keller filed a motion pursuant to Section 3145(b), his First Motion To Revoke, which was denied by Judge Saylor.  In his Second Motion To Revoke, Keller sets forth several factual allegations in support of his request that he be released from custody.  Those allegations essentially fall into two categories: (1) facts relating to the conditions of his confinement, and (2) facts which he believes refute the court's finding that he poses a danger to the community.[1]

---

[1] Keller states that I found that he does not pose a risk of flight.  It is true that I did not find that the evidence presented by the Government at the detention hearing independently established that he posed a risk of flight.  However, I also found that the statutory presumption applied and that Keller had failed to rebut it and therefore, relying on the presumption, I detained him as a risk of flight (in addition to finding by clear and convincing evidence that he posed a danger to the community.)  Furthermore, Judge Saylor, in denying Keller's First Motion To Revoke, conducted a *de novo* review and did conclude, by a preponderance of the evidence, that Keller poses a risk of flight. Because I have determined that Keller should continue to be detained for other reasons, it is not necessary for me to address whether he should continue to be detained as a serious risk of flight.

3

After reviewing Keller's Second Motion To Revoke and given the procedural history prior to the filing of the motion, I agree with the Government that the motion is more appropriately characterized as a motion to reopen the detention hearing pursuant to 18 U.S.C. §3142 (f) and will treat it as such.

## Discussion

Section 3142(f) provides that the detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community". 18 U.S.C. §3142(f). Keller has requested that the detention hearing be reopened on the grounds that the following facts were not known to him at the time of the hearing and that such facts have a material bearing on the issue of whether he should continue to be detained:

> 1.   There was no agreement reached between he and the confidential informant ("CI") concerning the alleged "so called murder for hire plot" and more recently, the CI has stated that he did not believe that Keller really wanted him to kill a third person;
>
> 2.   A fingerprint analysis has concluded that the identifiable fingerprints present on the bullets and/or guns were not his;
>
> 3.   The CI has been convicted of assault with a dangerous weapon (a gun) against his (Keller's) mother and is currently incarcerated at the Worcester County House of Correction;
>
> 4.   The medical staff at the Wyatt Detention Center ("Wyatt") has failed to address his medical needs, including adequately treating him for his stress/anxiety disorder. The medical care he has received has been substandard, including being prescribed the wrong medication; on one occasion, he was forcibly medicated and in addition, was threatened with solitary confinement and the denial of visitation rights if he did not take his medication;

      5.      He is a vegetarian and Wyatt has refused to adequately address his dietary needs because he is a vegetarian by choice and not because of religious requirements, the result being he has lost thirty pounds; and

      6.      The evidence against him is weaker than inferred by the Court as shown by FBI reports that indicate that portions of the surveillance tapes have been erased, including those during which the controlled buy of the gun was alleged to have taken place.

Initially, I will address the Government's argument that Keller's motion should be denied because he has failed to satisfy the threshold requirement for reopening the detention hearing, that his, he has failed to allege establish that the above facts were unknown to him at the time of the original detention hearing (which took place on October 26 and December 5, 2007) and/or that such facts have a material bearing on the issue of detention. I will then, if necessary, address whether in light of the above facts, I still find by clear and convincing evidence that Keller poses a danger to the community and/or by a preponderance of evidence, that he poses a risk of flight.

### Should the Detention Hearing be Reopened

The information which Keller has raised relating to the substantive charges against him essentially go to the strength of the Government's case. The fact that the identifiable fingerprints on the gun/ammunition did not match Keller's is new information not available at the time of the detention hearing. However, I do not find this fact to be material; this is not a case were identity is in question. The CI was searched before the alleged transaction; he was observed going to Keller's residence; law enforcement officers monitored the conversation during which Keller sold the CI the handgun; and after the transaction was completed, the CI returned to the law enforcement agents with the handgun. The fact that the audio recording of the transaction has

been erased is not new information; defense counsel was aware of this fact before the detention hearing. The fact that the CI has been convicted of assault on Keller's mother is new information, however, it is not material. Defense counsel made the Court aware that the assault charges were pending against the CI at the time of the detention hearing and the Court assumed the assault had taken place in evaluating the credibility of the CI. Finally, the fact that the CI now states that he does not believe Keller actually intended to have someone killed is new information. However, the veracity of the CI was clearly an issue at the detention hearing. The fact that the CI has now changed his statement further calls his credibility into question. However, given that law enforcement agents monitored a conversation between the CI and Keller during which Keller named a target and described how the killing should be carried out, it is debatable whether the CI's recent statements should be given any credence. Furthermore, this information is immaterial because the alleged murder for hire plot was only one of many factors which the Court considered in detaining Keller.

Keller has also alleged that his conditions of confinement should be considered in determining whether he should be released. Specifically, he alleges that the Wyatt has refused to provide him with a vegetarian diet and, therefore, he has lost a considerable amount of weight, and Wyatt has failed to address his medical needs by failing to prescribe him the appropriate medications and, at times, has forcibly medicated him. This is new information, however, an inmate's conditions of confinement are immaterial to the issue of whether he is a danger to the community and/or risk of flight. If Keller is not getting proper medical care and/or his dietary needs are not being met, he has remedies available to him, including filing grievances or ultimately bring suit against the facility.

For the reasons set forth above, I find that Keller has failed to establish that the detention hearing should be reopened and therefore, I am denying his motion.

### Whether Release Would Be Appropriate If the Issue Of Detention Were Reopened

I have denied Keller's motion to reopen the detention hearing. I will note, however, that even if I were to reopen the issue of detention, I would continue to find by clear and convincing evidence that Keller is a danger to the community and that there are no conditions or combination of conditions that I could impose that would assure the safety of the community if he were released. I would so find because Keller has a prior conviction felony conviction for assault with a dangerous weapon; he was involved in multiple sales of Oxycodone; law enforcement officials monitored a transaction in which he sold a handgun to the CI; individuals other than the CI have identified Keller as having illegally sold firearms; and Keller has no legitimate source of employment. Furthermore, even if some of the new factual allegations which Keller has brought to the Court's attention raise further questions about the CI's veracity, the Government's case against Keller remains very strong.[2]

### Conclusion

Defendant's Motion for Revocation Or Amendment Of Detention Order (Docket No. 41) is *denied*.

 /S/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE

---

[2] Because I would find that Keller is a danger to the community, it would not be necessary for me to address the risk of flight issue. *See* note 1, *supra*.